## Mutual Benefit Life Insurance Co. v. O'Brien.

(Decided June 21, 1911.)

See original case on page 308.

Appeal from McCracken Circuit Court.

DISSENTING OPINION BY JUDGE NUNN.

This court has allowed the company to make an arbitrary charge of $50.00 and deduct it from the reserve of the assured, with some excuse for it, but the opinion allows the company to fix as the net reserve due the assured, after deducting this $50.00 and his indebtedness at the time his policy lapsed, October, 1902, at $93.49, $15.84, which carried the policy for the whole amount until a short time before the death of the insured. The court failed to require the insurance company to add to this $93.49, the amount of the dividend, $15.84, which had been declared by the board of directors the first of January, 1902, because the directors added to the resolution declaring the dividend, a statement to the effect that it was to be paid the assured provided he paid the premium due in October, 1902, to continue his policy for the next year. This dividend would have carried the policy beyond his death. There is nothing in the policy, in my

opinion, that authorized the directors to place any limitation on the assured's right to this dividend, and there is no good reason why they should have such authority. The policy provided, "the assured will participate in all annual dividends as ordered by the directors." This dividend declared by the directors was wholly earned by O'Brien before his policy lapsed and was his money. No persons other than the policyholders owned any of the funds of the company, it being a Mutual company. The language quoted, in my opinion, did not authorize the directors to limit or fix the time of payment of the dividend, upon a condition that the assured might never receive his money, but only gave them a time within the year within which they might declare and determine the amount of the dividend. The policy declared in explicit terms that O'Brien should participate annually in the dividends. No other dividend had been declared for that year, and the court's opinion makes the above quotation mean that the insured will participate annually in the dividends if the directors see fit to allow it. This is against all rules of construction, for uniform opinions of this and other courts are to the effect that in construing such a policy, if there is any doubt as to the meaning of the language used, that construction should be placed upon it which is most favorable to the assured.

For these reasons, I dissent from the opinion.